PER CURIAM.
 

 The plaintiffs brought this suit to enjoin the Attorney General and the Collector of Revenue from proceeding against the plaintiffs under Act No. 75 of Í936, known as the Luxury Tax Law. The plaintiffs averred that the statute was unconstitutional, for several reasons set forth in their petition. The judge of the district court issued a rule on the defendants to show cause why a preliminary injunction should not be granted; but, after hearing the defendants’ pleas and answers to the rule to show cause, the judge dismissed the rule. The plaintiffs appealed from the decision. Thereafter the Legislature enacted Act No. 2 of 1938, known as the Public Welfare Revenue Act, levying a sales tax, and repealing, specifically, Act No. 75 of 1936. Hence the appellees have moved to dismiss this appeal on the ground that the suit has become a moot case. '
 

 The appellants oppose the motion to dismiss the appeal, and in support of their opposition cite the concluding clause in the title of Act No. 2 of 1938, viz.: “and providing for the trial and prosecution of all suits arising out of or instituted under Act 75 of the Regular Session of 1936, notwithstanding this repeal.” That clause in the title of the act of 1938 follows immediately the reference to the repealing clause. If this saving clause, reserving to the State the right to prosecute suits under Act No. 75 of 1936, were a part of the act itself, of 1938, as well as a part of the title of the act, the present suit would not be abated by the repealing clause (in Section 20) of Act No. 2 of 1938. But in fact there is no saving clause in Act No. 2 of 1938, notwithstanding it is mentioned in the title of the act. We infer from the
 
 *189
 
 reference to the saving clause, in the title of the act of 1938, that it was intended originally to embody such a saving clause in the act. But, as there is no saving clause in the act itself, the reference to such a clause in the title of the act has no effect. The consequence is that no proceeding can be brought against the appellants hereafter to enforce the provisions of the act of 1936, and hence the appellants are not now concerned with the question whether the act was constitutional or unconstitutional.
 

 The appeal is dismissed at appellants’ cost.
 

 FOURNET, J., recused.