ODOM, Justice.
 

 This is a suit to collect two checks issued by defendants in settlement of an amount which the State claimed to be due under Act No. 75 of 1936, known as “The Luxury Tax Law”, on which payment was ■ stopped by the makers. The checks are dat- ■ ed September 15, 1938, and the suit was filed .February 17, 19391
 

 Defendants excepted to plaintiff’s petition on the ground that it disclosed no cause or right of .action. Reserving their rights under the exception, defendants answered, admitting that they issued and delivered the checks and that they stopped payment thereon. But they denied liability on the grounds that the checks were issued through error under the mistaken and erroneous belief that they were liable for the amount of the tax claimed, but that they later learned that they were not, and alleged that the checks were given without consideration.
 

 There was judgment for the State as prayed for, and defendants appealed.
 

 The facts are that the defendants are furniture dealers and sold furniture on the installment plan while Act No. 75 of 1936 was in effect. The amount of the tax was computed on the sale price of the furniture. Defendants paid the tax on that portion of the price which was collected up to the time that act was repealed by Act No. 2 of .the Regular Session of 1938. The reason the balance of the t.ax was not paid is that the officer in charge of the collection of the tax had agreed to permit dealers who sold on the installment plan to pay the tax as and when the credit portion of the price was collected. At the time Act No. 75 of 1936 was repealed, defendants were carrying on their books accounts for furniture sold on terms of credit, on which the tax had not been paid. The checks sued on were to cover the tax on the uncollected portion of the sale price of the furniture.
 

 
 *1019
 
 Our ruling in the case of Fournet & Sierra, Inc., v. Grosjean, 191 La. 186, 184 So. 719, is the law of this case. In that case plaintiffs brought suit to enjoin the attorney general and the collector of revenue from proceeding against them to enforce any of the provisions of Act No. 75 of 1936. Their suit was dismissed by the trial judge, and they appealed to this court. While the appeal was pending, Act No. 75 of 1936 was repealed by Act No. 2 of the Regular Session of 1938. The State then moved to dismiss the appeal on the ground that the suit had become a moot case, the reason being that the 1936 act had been repealed by the act of 1938 without a saving clause.
 

 Plaintiffs were seeking to have the 1936 act declared unconstitutional and opposed the State’s motion to dismiss, on the ground that the State might later proceed against them to collect the luxury taxes which had accrued under the 1936 act, none of which they had paid. They cited the concluding clause of the title of Act No. 2 of 1938, which reads: “and providing for the trial and prosecution of all suits arising out of or instituted under Act 75 of the Regular Session of 1936, notwithstanding this repeal”.
 

 We said:
 

 “If this saving clause, reserving to the State the right to prosecute suits under Act No. 75 of 1936, were a part of the act itself, of 1938, as well as a part of the title of the act, the present suit would not be abated by the repealing clause (in Section 20) of Act No.
 
 2
 
 of 1938. But in fact there is no saving clause in Act No. 2 of 1938, notwithstanding it is mentioned in the title of the act. We infer from the reference to the saving clause, in the title of the act of 1938, that it was intended originally to embody such a saving clause in the act. But, as there is no saving clause in the act itself, the reference to such a clause in the title of the act has no effect. The consequence is that no proceeding can be brought against the appellants hereafter to enforce the provisions of the act of 1936, and hence the appellants are not now concerned with the question whether the act was constitutional or unconstitutional.”
 

 Counsel for appellants in that case argued that it would be unfair to his clients to dismiss their suit to have the act declared unconstitutional if the door were left open for the State to bring subsequent proceedings against them for the collection of the luxury taxes which admittedly they had not paid. Our conclusion was, and we held, that, because there was no saving clause in the body of the act, “The consequence is that no proceeding can be brought against the appellants hereafter to enforce the provisions of the act of 1936”.
 

 Since the State could bring no proceedings against these defendants to collect this tax after the repeal of the 1936 act, the checks sued on in this case were given without a cause or consideration, and can have no effect as between the parties. Civil Code, Article 1893. Article 1896 of the Code reads as follows:
 

 “Cause is consideration or motive. By the
 
 cause
 
 of the contract, in this section, is meant the consideration or motive for
 
 *1021
 
 making it; and a contract is said to be without a cause, whenever the party was in error, supposing that which was his inducement for contracting to exist, when in fact it had never existed, or had ceased to exist before the contract was made.”
 

 The consideration or motive which induced defendants to execute the checks was their supposition that they were liable for the tax. Under our ruling in the Four-net & Sierra case, they were not liable for the tax at the time the checks were given.
 

 The record shows that the amount of the two checks sued upon, and two others given at the same time which were paid by the bank, was agreed upon by the parties as a result of a so-called compromise, and counsel for the State argue that, because this is true, defendants cannot now be heard to repudiate the obligation evidenced by the checks. It was upon this ground that the trial judge rendered judgment in favor of the State.
 

 We find no merit in the argument, for the reason that the so-called compromise, by which the tax-collecting officer agreed to accept 65 per cent of the tax computed on the sale price of the furniture, was based upon an agreement explained by Mr. Reilly, which was that, in as much as many of the sales made on the installment plan by the dealers were later cancelled and the furniture repossessed by the dealers, it would be unfair to them to have to pay the tax on the cancelled sales. The so-called compromise did not relate in any sense to the question whether the effect of the repeal of the 1936 act without a saving clause was to relieve defendants of liability to the State for the uncollected portion of the tax. The compromise was an adjustment of the amount due on the basis explained by Mr. Reilly, who represented the tax-collecting department. The question of the repeal of the act was not discussed. In fact, defendants did not know at the time the checks were given that the act had been repealed.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is ordered that the suit be dismissed.
 

 FOURNET, J., absent.