7 So.2d 712

FONTENOT, Director of Revenue, v. HUR-WITZ–MINTZ FURNITURE CO. et al.

No. 36437.

March 30, 1942.

McCloskey & Moore and Joseph Mc-Closkey, Jr., all of New Orleans, for plaintiff and appellee.

Robert A. Ainsworth, Jr., of New Orleans, for defendants and appellants.

McCALEB, Justice.

Rufus W. Fontenot, Director of Revenue, filed this summary proceeding to recover from the defendants certain Public Welfare Revenue Taxes allegedly due to the State of Louisiana and the City of New Orleans. The taxes sought to be recovered for the State were levied under Act No. 2 of 1938. The taxes claimed on behalf of the City of New Orleans were imposed by Ordinance No. 14,751 Commission Council Series, which was enacted in pursuance of the power conferred upon the City by Act No. 2 of 1938.

Plaintiff represents the State in his official capacity as Director of Revenue and appears for the City by virtue of Ordinance No. 14,778 Commission Council Series, which was enacted under authority of Paragraph (f) of Section 1 of the City Charter, as amended by Act 338 of 1936.

The defendants do not deny liability to the State of Louisiana for the taxes claimed by the plaintiff. However, they have resisted the demand for the taxes due the City of New Orleans on the ground that, since Act No. 82 of 1940, which repealed Act No. 2 of 1938 and City Ordinance No. 14,751, did not contain a saving clause reserving to the City the right to recover any taxes accruing under the ordinance, the City's claim has abated and the Director of Revenue is without authority to sue on its behalf.

The Judge of the District Court rejected this defense and gave judgment in plaintiff's favor. Defendants have appealed from the adverse decision.

By Act No. 2 of 1938, a tax of 1% was levied on the price of retail sales. This tax was to be collected by all dealers from their purchasers and the former were made responsible to the taxing authorities for the payment of the tax. In Section 15 of the Statute, the right was granted to the City of New Orleans to levy a tax similar to that levied by the State. In pursuance of the authority conferred by that section, the City of

New Orleans enacted Ordinance No. 14,-751 whereunder a City Sales Tax of 1% was imposed.

Act No. 2 of 1938 was repealed by the Legislature in 1940 by Act No. 82 of that year, wherein it was provided that the repeal would become effective on December 31, 1940, "provided, however, that nothing herein contained shall be construed as a waiver by the State, because of any repeal herein contained, of any accrued taxes and penalties due the State under the provisions of Act 2 of 1938, and such taxes accrued, or which may accrue up to the effective date of said repeal, and penalties thereon shall be collected by the Collector of Revenue in the manner provided by said Act." In Section 3 of the act, it is declared:

"That all laws or parts of laws as may conflict herewith, including all ordinances of any municipalities passed under authority of said Act No. 2 of the Legislature of 1938, are hereby repealed, * * *."

Counsel for the defendants, while conceding that the taxes claimed on behalf of the City had accrued prior to the time the City Ordinance was repealed, maintains that the plaintiff is without right to recover these taxes because Section 3 of Act No. 82 of 1940 does not contain provisions reserving the right to the City to recover any taxes which accrued while the ordinance was in force but which have not been claimed until after the effective date of the repeal. In stressing this argument, counsel says that the intention of the Legislature to relieve the delinquent tax debtors of the City is manifest inasmuch as the repealing act specifically reserves to the State the right to collect accrued taxes and is silent with respect to the City.

Conversely, counsel for the plaintiff maintain that the language of the repealing statute does not indicate that the Legislature intended such a result. They assert that the reservation contained in Act No. 82 of 1940 respecting the right of the State to recover any accrued taxes due is broad enough to include any subdivision of the State which had passed ordinances under authority of Act No. 2 of 1938. Alternatively, they claim that the repeal of the City Ordinance levying the tax does not repeal Ordinance No. 14,778 under which the Director of Revenue is appointed as agent for the City to collect taxes due it and that, therefore, the repeal of the taxing ordinance has not abrogated plaintiff's authority to sue for and collect accrued taxes levied under it. And, finally, counsel maintain that, if the repealing statute is interpreted to mean that the Legislature intended to release tax debtors of the City for any taxes which had accrued under the provisions of the City Ordinance, then Section 3 of Act No. 82 of 1940 is unconstitutional in that it violates Section 13 of Article IV of the Constitution of 1921, which provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishment, in whole or in part, of the indebtedness, liability or obligation of any corporation or individual to the State, or to any parish or

municipal corporation thereof; provided, the heirs to confiscated property may be released from all taxes due thereon at the date of its reversion to them."

■ The contention of the plaintiff that the saving clause contained in Act No. 82 of 1940 is broad enough to reserve the right of the City of New Orleans to recover taxes accruing prior to the repeal of the Sales Tax Law cannot be sustained. The language used in Section 1 of the Act is clear. The right to claim accrued taxes is therein conferred upon the State alone and not upon any of its subdivisions. And Section 3 of the Statute repeals without qualification all ordinances of any municipalities passed under the authority of Act No. 2 of 1938. Hence, the saving clause cannot be stretched by interpretation so as to make it include the City of New Orleans.

The next point raised by the plaintiff is that the repeal of City Ordinance No. 14,751 by Act No. 82 of 1940 does not affect the authority of the Collector of Revenue to recover accrued taxes levied under it even though the claim is asserted subsequent to the effective date of its repeal. A reading of Ordinance No. 14,-778, under which the plaintiff was designated as a tax-collecting agent for the City, discloses that his authority is limited to the collection of taxes levied under the City Sales Tax Ordinance. Since the ordinance levying the tax was repealed by Act No. 82 of 1940, without a saving clause, it is obvious that plaintiff's right to collect accrued taxes levied under that ordinance after the date upon which it went out of existence is likewise abated unless it be that Section 3 of Act No. 82 of 1940 is violative of Section 13 of Article IV of the Constitution.

■ We, therefore, direct our attention to plaintiff's contention that Section 3 of Act No. 82 of 1940 is unconstitutional because it has the effect of releasing or extinguishing the defendants' liability to the City of New Orleans for sales taxes which had become due and exigible prior to the time the repeal of City Ordinance No. 14,751 became effective. That this result has been accomplished by the Legislature in disregard of the constitutional prohibition, we entertain no doubt.

In Succession of Popp, 146 La. 464, 83 So. 765, 767, 26 A.L.R. 1446, it appeared that Mrs. Popp died in 1910, and the succession was opened many years later. At the time of decedent's death, the inheritance tax statute of 1906 (Act 109 of 1906) was in full force and effect, and the tax levied thereunder was five per cent. However, by Act No. 42 of 1912, the rate of the tax was reduced from five per cent to two per cent and that statute was made applicable by its express terms to "all successions not finally closed, or in which the final account has not been filed". It was contended by the tax collector that Act No. 42 of 1912 was unconstitutional, insofar as it had been made retroactive in respect of taxes which had already accrued under the prior statute, Act No. 109 of 1906, because, under Article 59 of the Constitution of 1913 (which is identical in its terms with Section 13 of Article IV of our present Constitution), the Leg-

islature was powerless to release in whole or in part any indebtedness, liability or obligation due by any corporation or individual to the State or to any parish or municipal corporation thereof. The Court found that a tax which had accrued was a liability or obligation within the meaning of the constitutional provision and, in upholding the contention of the tax collector, it observed:

"This tax was a debt, since it could and should have been paid; and, it being such, the Legislature was powerless in 1912 to 'release or extinguish' it 'in whole or in part.' The tax must therefore be computed at 5 per cent."

The foregoing authority controls the situation presented in the case at bar. The taxes sought to be recovered by the plaintiff, as agent for the City of New Orleans, were levied under Ordinance No. 14,751 and they had become due prior to the repeal of that ordinance by Act No. 82 of 1940. Hence, the Legislature was without power in repealing the City Ordinance to release the obligation of the defendants to the City for the taxes claimed herein. See also State v. Grace, 188 La. 129, 175 So. 825, where it was recognized that, in order for the liability for accrued taxes on real property to be released under the redemption acts (Act 161 of 1934, as amended, relieving property owners from payment of taxes for the years subsequent to that in which the property is sold to the State), it was necessary that Section 13 of Article IV of the Constitution be amended.

In spite of the plain language used in Section 13 of Article IV of the Constitution and the interpretation given that language in the Popp case, counsel for the defendants nevertheless maintains that there are other cases decided by this Court which sustain his argument that the absence of a saving clause in a statute repealing a tax has the effect of releasing all debtors from liability for taxes which had accrued prior to the effective date of the repeal—and this notwithstanding the constitutional prohibition. The cases relied upon are Fournet & Sierra, Inc., v. Grosjean, 191 La. 186, 184 So. 719, Cooper v. Mintz & Goldblum, 192 La. 1016, 190 So. 115, and State v. Grosjean, 182 La. 298, 161 So. 871.

Counsel is mistaken in his interpretation of the authorities cited in support of his position. In Fournet & Sierra, Inc., v. Grosjean, the plaintiff brought an action to have the Luxury Tax Law, Act No. 75 of 1936, declared unconstitutional. While the suit was pending in this Court, the statute was repealed by Act No. 2 of 1938. The Attorney General thereupon moved to dismiss the appeal on the ground that the question of the constitutionality of the law was of no importance in view of its repeal. In upholding this contention and in dismissing the case as moot, we declared that, since the repealing statute, Act No. 2 of 1938, did not contain a saving clause reserving to the State the right to prosecute suits under the Luxury Tax Law, the consequence was that no proceeding could be brought against the plaintiff to enforce the provisions of the act under attack

and that, therefore, it was no concern of the plaintiff whether the act was constitutional or not.

The distinction between the Fournet & Sierra case and the instant matter is obvious. In the former, the Attorney General conceded that the State was without right to sue for any taxes under the Luxury Tax Law because that statute had been repealed without the insertion of a saving clause. He did not contend (as the plaintiff in the present suit is contending) that the repeal of the statute without reservation of the right of the State to collect accrued taxes was beyond the power of the Legislature and in violation of Section 13 of Article IV of the Constitution. On the contrary, he admitted that the State was without authority to proceed under the Luxury Tax Law. In view of his concession, there was no reason for this Court to consider any question concerning the constitutionality of the repealing statute. Therefore, the decision is not authority for the proposition that the Legislature may, in repealing a tax statute, release tax debtors from taxes which have already accrued under the statute which is repealed.

The same observations are applicable with respect to the decision of Cooper v. Mintz & Goldblum, supra. That case, which is identical in principle with the Fournet & Sierra case, merely follows the ruling in the latter as decisive of the question there presented.

Nor do we find that the case of State v. Grosjean, supra, depended upon by the defendant, is authority for the proposition that the Legislature has the right to release or extinguish taxes which have accrued under a statute subsequently repealed where the repealing statute does not specifically reserve the right to the State or its subdivisions to collect the tax. One of the questions involved in that matter was whether Acts Nos. 5 and 25 of the First Extra Session of 1935, which empowered the Governor to reduce the five cent per barrel occupational license tax levied on refiners of petroleum by Act No. 15 of the Third Extra Session of 1934, to one cent per barrel, violated Section 13 of Article IV of the Constitution. In answering this question in the negative, the Court found as a fact that the taxes, which had been reduced by the Governor in pursuance of the authority vested in him, were not due and had not accrued at the time he issued his proclamation. In resolving thus, the Court undertook to discuss and distinguish the decision in Succession of Popp, supra, and concluded:

"The decision in the Popp case is correct, but is not applicable, for obvious reasons, to the case at bar." [182 La. 298, 161 So. 876.]

After making this pronouncement, the Court went on to state that Section 13 of Article IV of the Constitution was furthermore, inapplicable for the reason that the constitutional prohibition had reference only to cases where the Legislature had attempted to release or give rebates to a particular industry or individual and not to cases where all delinquent tax debtors were given the same consideration. These remarks, upon which

counsel for the defendants strongly relies, were wholly unnecessary to the decision in view of the Court's previous conclusion that the taxes reduced by the Governor had not accrued at the time he issued his proclamation. Moreover, the statements are plainly inconsistent with the conclusion reached in Succession of Popp which is specifically approved by the Court as demonstrated by the above quotation from the decision.

We are, therefore, of the opinion that insofar as Section 3 of Act No. 82 of 1940 may be considered as releasing debtors of the City of New Orleans from liability for taxes imposed under Ordinance No. 14,751 which accrued prior to the time that the ordinance was repealed, it is violative of ·Section 13 of Article IV of the Constitution. Consequently, the defendants are responsible for all taxes sought to be recovered by the plaintiff in this case and the trial Judge was correct in ruling accordingly.

For the reasons assigned, the judgment appealed from is affirmed.